**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MIROCHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 11-cv-4542 |
| v. ) | |
| ) | |
| PALOS COMMUNITY HOSPITAL ) | Judge Robert M. Dow, Jr. |
| and KEN LASH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion for leave "to withdraw Plaintiff's motion to file second amended complaint" [122] in which Plaintiff seeks to file a new version of his second amended complaint. Defendants oppose the motion, arguing that there has been substantial and undue delay in bringing the proposed claims, the addition of the claims would prejudice them, and the claims are futile. For the reasons set forth below, Plaintiff's motion [122] is granted.

**I. Background**

This case arises from the termination of Plaintiff Joseph Mirocha from Defendant Palos Community Hospital ("PCH") in April of 2011. Plaintiff was 58 years old when he was terminated from his position as an electrical supervisor at PCH. See [124-1], Proposed Sec. Am. Compl. ("SAC") ¶¶ 9–11. Plaintiff alleges that PCH discriminated against him because of his age in violation of the Age Discrimination in Employment Act. *Id*. at ¶ 4.

Prior to his termination, Plaintiff's manager, Defendant Ken Lash, warned Plaintiff that he had thirty days to bring the electrical department's databases into full compliance. *Id.* at 12. According to PCH's written policies, such a task was not part of Plaintiff's job description. *Id*. at ¶ 14. Lash subsequently gave Plaintiff a written warning for failing to complete the project. *Id*.

at ¶ 12. Shortly thereafter, Plaintiff complained to PCH's human resources department that he was being discriminated against because of his age. *Id*. at ¶ 23. Subsequently, on March 8, 2011, Lash issued a second memorandum detailing Plaintiff's purported performance deficiencies. See *id*. at ¶ 25. On March 28, 2011, Plaintiff filed a discrimination charge against PCH alleging that PCH had discriminated against him because of his age and had retaliated against him because of his complaint to human resources. *Id.* at ¶ 27. PCH terminated Plaintiff's employment on April 8, 2011. *Id*. at ¶ 30.

Plaintiff filed suit on July 5, 2011, alleging, among several other claims, defamation against both Lash and PCH. Thereafter, the Court granted Defendants' motion to dismiss and dismissed, among other claims, the defamation claims. See [39], Mem. Op. at 5–7. Plaintiff then moved for leave to file a first amended complaint. See [44]. In his motion, Plaintiff explicitly stated that he was not seeking to amend the defamation claim against PCH. *Id.* at 1. On February 4, 2013, nearly four months after filing the motion—and after the parties fully briefed it—Plaintiff moved for leave to file a revised first amended complaint. See [58]. The revised version also did not attempt to revive the defamation claim against PCH. The Court allowed Plaintiff most of the amendments that he sought, and specifically noted that Plaintiff was not seeking to amend his defamation claim against PCH. See [64], Stmt. at 1. Meanwhile, discovery continued; fact discovery was completed by September 2013 and expert discovery by June 2014. See [86, 100].

On July 31, 2014, over a month after the close of discovery, Plaintiff moved for leave to file a second amended complaint. [107]. The proposed pleading would be the first of three proposed versions of the second amended complaint. Plaintiff first sought to (1) add factual allegations to paragraph 36 of his complaint, (2) join another PCH employee as a defendant, (3)

bring a claim against the new defendant for defamation, and (4) resurrect his previously dismissed claim for defamation against PCH under a new theory. See *id.* at 1–2.

A month and a half later, after Plaintiff's motion was fully briefed, Plaintiff sought leave to withdraw the motion and file the second version of the second amended complaint. See [118]. Plaintiff sought to add the same factual allegations to paragraph 36 and the new claim for defamation against PCH, but wished to drop the claim against the other PCH employee. See *id.* at 1–2. Plaintiff also sought to add a new claim for unused sick days, the value of which Plaintiff claims he was entitled to upon termination. See *id.* at 2.

On March 6, 2015, some five and a half months later—and after Defendants again had briefed Plaintiff's motion—Plaintiff filed the instant motion to withdraw his second version of the second amended complaint and replace it with the third version, at issue here. This version is the same as the second, except that it seeks to add a state law claim under the Illinois Wage Payment and Collection Act ("IWPCA") for the unused sick days. See [122], Mot. at 1.

Defendants oppose the motion, arguing that there has been undue delay in bringing the claims, that the new claims are futile, and that allowing the amendment would be unduly prejudicial. The filing of Plaintiff's reply was delayed by several months for personal reasons, see [132], but the motion is now fully briefed and ready for ruling.

## II. Legal Standard

The Federal Rules of Civil Procedure provide that leave to amend a complaint should be "freely give[n] * * * when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, courts may deny leave to amend if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

amendment." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis omitted). Delay alone is normally insufficient to deny a motion to amend. See *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). But "the longer the delay, the greater the presumption against granting leave to amend[.]" *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quotation marks omitted). An amended complaint is futile if it would not withstand a motion to dismiss. See *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

## III. Analysis

The Court will consider separately the amendments to paragraph 36, the revival of the defamation claim against PCH, and the proposed breach of contract and IWPCA claims for unused sick days against PCH.

### A. Paragraph 36

Plaintiff first seeks to add several allegations to paragraph 36 of the complaint. The proposed allegations describe how Defendants caused him to suffer depression, insomnia, and panic attacks for which he sought medical care and incurred related costs. [124-1], SAC ¶ 36. According to Plaintiff, the new allegations are based on testimony given by one of his experts, Dr. Paulette Trum, during her deposition on April 2, 2014. [124], Pl.'s Mem. at 2. As noted, Plaintiff first sought to add these allegations in the first version of his proposed second amended complaint, filed on July 31, 2014.

Defendants object to the amendment, but do not point to any particular prejudice or other reason to deny leave to add these allegations. Although Plaintiff did wait nearly four months after Dr. Trum's deposition before seeking to add the allegations, they seem unlikely to prejudice Defendants. Importantly, the allegations do not appear to raise any new legal issues that would

4

require additional discovery. Rather, the allegations simply provide additional details about the "extreme emotional distress" that Plaintiff allegedly suffered because of Defendants' conduct. See [124-1], SAC ¶ 36. Given the absence of any apparent prejudice and the relatively short delay, the Court grants Plaintiff's motion with respect to the proposed amendments to paragraph 36. See *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002) ("Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.") (quotation marks omitted).

### B. Defamation Claim against PCH (Proposed Count VIII)

In his original complaint, Plaintiff claimed that PCH defamed him by having him escorted from the hospital by a security guard after he was terminated. See [2], Compl. ¶ 57. The claim was dismissed because the alleged conduct did not qualify as a *per se* defamatory act under Illinois law.[1] See [39], Mem. Op. at 5. Plaintiff did not attempt to replead the defamation claim against PCH in his first amended complaint, as the Court noted in a prior order. See [64], Stmt. at 1.

Plaintiff sought to revive his defamation claim against PCH, albeit under a different set of facts, in the first version of his second amended complaint,[2] which was filed nearly two years after the Court dismissed the defamation claim. This time, the claim is based on "the common nucleus of operative fact" that underlies Plaintiff's defamation claim against Ken Lash—namely, Lash's "publishing [of] defamatory disciplinary memoranda" regarding Plaintiff's job

---

[1] To establish defamation *per se*, the acts alleged to be defamatory must be so "obviously or naturally harmful" as to "falsely impute * * * a lack of integrity in the discharge of plaintiff's duties of employment." *Dubrovin v. Marshall Field's & Co. Employee's Credit Union*, 536 N.E.2d 800, 803 (Ill. App. Ct. 1989).

[2] The defamation claim has remained the same in all three versions of Plaintiff's second amended complaint.

5

performance. [124], Pl.'s Mem. at 2. Plaintiff's theory seems to be that PCH defamed him when an employee of its human resources department sent copies of Lash's allegedly defamatory memoranda to "one or more person(s)." [124-2], SAC ¶ 116. The only "person" specifically identified by Plaintiff is the Illinois Department of Employment Security ("IDES"); PCH allegedly sent copies to IDES following Plaintiff's application for unemployment benefits "to cause Plaintiff to lose his entitlement to unemployment benefits." *Id.*

In arguing that he should be allowed to add the new defamation claim, Plaintiff stresses that (1) he "is not in any manner trying to resurrect the claim [he] withdrew," and (2) no new discovery would be required. [124], Pl.'s Mem. at 3. Defendants counter that the Court should not permit the assertion of a new defamation claim given Plaintiff's inexplicable delay in seeking leave to amend. They also assert that any such claim would be futile given that the statements at issue relate to employee performance and the limited publication that is alleged falls within the scope of an absolute privilege.

After considering the arguments of the parties, the Court concludes on balance that it should allow Plaintiff to amend his complaint to add the new defamation claim. To be sure, the delay occasioned by Plaintiff's fits and starts in regard to his proposed amendments have delayed the case considerably, to the understandable frustration of Defendants. These delays and the numerous opportunities for Plaintiff to straighten out his pleadings counsel in favor of treating this current iteration of the complaint as the final one, absent some truly unforeseeable events. Moreover, it appears that Plaintiff may have an uphill battle in trying to establish that the "reckless disregard" exception to the absolute privilege applies in this case. Defendants certainly may present their legal arguments with the benefit of a full record in the dispositive motion that they intend to file. See [127] at 12. However, given that (1) delay alone seldom is sufficient

reason to deny leave to amend, (2) no additional discovery is required (or will be permitted) on the defamation claim, (3) the claim is not the same one that Plaintiff previously abandoned, and (4) the prejudice to Defendants from allowing the amendment appears to be minimal as their arguments for summary judgment on the claim remain to be presented, Plaintiff's motion for leave to amend is granted as to the proposed claim for defamation against PCH in Count VIII of the second amended complaint.

### C. Breach of Contract and IWPCA Claims for Unused Sick Days (Proposed Counts IX and X)

Plaintiff also seeks to add two claims to recover the value of his unused sick days. Plaintiff sought to assert the first of these claims—breach of contract for the value of the sick days—in the second version of his second amended complaint. Nearly six months later, Plaintiff withdrew that version and moved to replace it with the version at issue here, which includes an IWPCA claim for the value of the unused days. The IWPCA allows an employee to bring a civil action against his employer to recover wages "pursuant to an employment contract or agreement." See 820 ILCS 115/2.

It appears that Plaintiff initially demanded payment for the value of the sick days back in January of 2013. In particular, Defendants claim that Plaintiff's attorney sent a letter to their attorney on January 18, 2013 demanding $16,800—the same amount that Plaintiff now seeks for his unused days. [127], Defs.' Resp. at 11. Defendants further assert that their attorney rejected this demand on February 18, 2013. *Id*. at 12. Defendants have attached copies of Plaintiff's demand letter and PCH's denial letter in support of their averments. See [127], Exs. 5, 6. Defendants also have included in their response brief a statement from the hospital's Human Resources policy which states as follows: "Accrued paid sick time and/or *hours over 600 is not paid out* to employees at termination of employment." [127] at 10-11 (emphasis added).

Plaintiff responds that he is seeking payment for accrued paid sick time and/or hours *under* 600 hours, and thus there appears to be a disconnect between Plaintiff's proposed claim and Defendants' present argument against it. While the Court is not in position to bring further clarity to the dispute at the moment, for present purposes it is significant that Plaintiff did not have a copy of the written policy upon which his proposed new claim rests until around the time in 2014 that he began his (admittedly laborious) efforts to arrive at a new operative complaint. In addition, it appears that any additional discovery that Plaintiff would seek in regard to Counts IX and X would be minimal and any responsive documents likely are already in Defendants' possession.[3]

For all of these reasons, Plaintiff's motion for leave to amend is granted with respect to the proposed breach of contract and IWPCA claims (Counts IX and X, respectively).

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for leave to file an amended complaint [122] is granted. As noted above, the Court anticipates that this will be the final amendment barring unforeseen circumstances. The parties are directed to file no later than 12/22/2015 a joint status report either confirming that discovery is complete or setting out any limited discovery that remains to taken (consistent with the discussion above) and a deadline for its completion. In the status report, the parties also should provide a proposed briefing schedule on any dispositive motions and indicate whether they wish to schedule a settlement conference prior to embarking on any further discovery and the dispositive motion schedule. The Court will either enter a briefing schedule on dispositive motions or set this case for status hearing after reviewing the joint status report.

---

[3] It is not clear whether the responses to the discovery requests set forth on page 8 of Plaintiff's reply brief already provided Plaintiff with the "only discovery" he claims to need—namely, the "exact number of hours and dollars for which he accrued but did not use his sick days."

Dated: December 7, 2015

_____
Robert M. Dow, Jr.
United States District Judge